IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| OZZY WILLIAMS, | | |
| | Petitioner, | No. CIV S-05-2605 LKK DAD P |
| vs. | | |
| VINCENT O'BRIEN, et al., | | ORDER AND |
| | Respondents. | FINDINGS AND RECOMMENDATIONS |
| _____/ | | |

      Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

      Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be granted.  See 28 U.S.C. § 1915(a).

      The court is required to examine a petition for federal habeas corpus relief before requiring a response to it.  See Rules 3 & 4, Rules Governing § 2254 Cases.  "If it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal . . . ."  Rule 4, Rules Governing § 2254 Cases.  Rule 4 "'explicitly allows a district court to dismiss summarily the petition on the merits

1

when no claim for relief is stated.'" O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (quoting Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983)).

Here, petitioner challenges an order issued by the Office of Administrative Hearings for the State of California which authorized the administration of medication to petitioner involuntarily while he was incarcerated at the California Medical Facility. (Petition at 15[1].) Petitioner contends that he was not provided an opportunity to review his medical and other records, and that the administrative law judge's order postponing the hearing concerning the involuntary administration of medication was improperly prepared by the attorney for the California Department of Corrections and Rehabilitation. Petitioner seeks a new hearing before a different administrative law judge, an order directing the administrative judge in question not to issue further discovery orders containing a "stipulated date," an order granting petitioner full access to his records, and an order prohibiting counsel for the California Department of Corrections and Rehabilitation from ever submitting hand-written proposed orders to the administrative law judge.

Petitioner does not seek relief that may be appropriately obtained under 28 U.S.C. § 2254. A petition for a writ of habeas corpus is to be used only to challenge the fact or duration of a prisoner's custody so that a determination in his favor may result in the prisoner's entitlement to an earlier release. See Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990). The proper mechanism for raising a federal challenge to conditions of confinement is through a civil rights action brought pursuant to 42 U.S.C. § 1983.

/////

---

[1] This court has implemented the Case Management/Electronic Case Files (CM/ECF) docketing and file system which allows pleadings and documents to be electronically filed by the parties. For pleadings or documents that are submitted in paper format, the filing is scanned and stored electronically into the court's CM/ECF system. Each page of the electronic filing is numbered chronologically, whether or not, it was numbered by the party. If the filing is lengthy, the document is divided into parts. When the undersigned refers to a page number for a pleading or document filed with this court, the court is using the CM/ECF page number, which may not coincide with the page number used by the parties.

1  <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991).  The court also notes that state law provides

2  procedural protections for prisoners seeking to oppose being involuntarily medicated.

> Under California law, state prisoners cannot be involuntarily medicated unless <u>Keyhea</u> provisions are followed.  The <u>Keyhea</u> procedures are set out in the October 31, 1986 Order Granting Plaintiffs' Motion For Clarification And Modification of Injunction And Permanent Injunction filed in <u>Keyhea v. Rushen</u>, Solano County Superior Court Case No. 67432. . . .  The <u>Keyhea</u> injunction provides procedural requirements and substantive standards for medication of different durations.

8  <u>Wakefield v. Bortman</u>, No. C 03-2870 SI (PR), 2004 WL 1811201, *1 (N.D. Cal. Aug. 10,

9  2004).  Thus, petitioner may also seek relief in state court if procedural requirements for the

10  involuntary administration of medication were not followed.

11          Accordingly, IT IS HEREBY ORDERED that petitioner's application to proceed

12  in forma pauperis is granted.

13          Also, IT IS HEREBY RECOMMENDED that this action be summarily dismissed

14  because it plainly appears from the face of the petition that petitioner is not entitled to relief

15  pursuant to 28 U.S.C. § 2254.

16          These findings and recommendations are submitted to the United States District

17  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

18  days after being served with these findings and recommendations, petitioner may file written

19  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

20  Findings and Recommendations."  Petitioner is advised that failure to file objections within the

21  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951

22  F.2d 1153 (9th Cir. 1991).

23  DATED: October 23, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
will2605.156

3